Williams, Judge,
delivered tlie opinion of the court:
This claim is before the court on a reference from the War Department under section 148 Judicial Code (U. S. C., title 28, section 254), which provides for judgment in the case if the reference of the claim was with the consent of the claimant, or it appears that upon the facts the court has jurisdiction mider existing law to render judgment. These prerequisites to judgment are met and satisfied by the facts and the applicable law in the case.
Subsequent to the reference of the claim to the court, and pursuant to a request by the court on the War Department for a statement by the claimant as to the amount of his claim and, among other things, information as to whether the claim was transmitted to the court with the claimant’s consent, a petition by the claimant addressed to the court, in due substance and form, and containing, inter alia, the information requested by the court and asking for judgment for the amount of the claim, was transmitted by the Department to the court. This petition, however, whether or not it be considered properly before the court as a petition of claimant in the case, adds nothing to the jurisdiction of the court to render judgment in the case, since, as indicated above, the court has jurisdiction to render judgment under the Departmental reference.
The claimant, Lieutenant Colonel John N. Hodges, Engineer Corps, United States Army, pursuant to an order of March 23, 1931, for change of station from Washington, D. C., to New Orleans, La., and to Army Regulations relative to transportation of officers’ property on change of station, delivered to the Quartermaster of the Army at Washington his household goods and other property for transportation to New Orleans.
The authority to determine the manner and route of transportation of such property being in the Quartermaster General, it was shipped by the Quartermaster Department by rail to New York, and thence by water to New Orleans, consigned to the claimant. Shipment by this route ivas because of a decision of the Comptroller General that services for the Government must be made at the lowest cost *387 consistent with, the service rendered, the cost of transportation being lowest by this route; and it was made without notice to claimant of the manner or route of shipment, and also without insurance of the property or other protection against marine risk. On the voyage fire broke out in the hold of the vessel, as a result of which claimant’s goods, among others, were greatly damaged. The Quartermaster Department having refused to execute the general average agreement requisite to delivery of the shipment by the carrier, claimant was compelled to execute the agreement himself in order to secure delivery and possession of his property. Subsequently, in the resulting general average proceedings, the general average contribution chargeable against the property was determined to be $8,363.04, and the allowable loss for damage to the property to be $4,209.86, leaving a net balance and liability for general average contribution of $4,153.18, which is demanded of claimant, and which, though not yet paid by him, claimant here seeks to recover, the Government having refused to pay it. Claimant has received payment from fire insurance carried by him for the damage to his property, and therefore is claiming here only for the $4,153.18 balance of the general average liability charged against him.
The claimant has offered no brief or argument in the case, and the Government does not in fact contest the claim, merely presenting in its brief an impartial consideration of the case and the question of claimant’s right of recovery.
The allowance of this claim seems predicable upon either of two bases. First, the Government, under the statutes and Army Kegulations, was obligated for the transportation of claimant’s property on his change of station. Act of May 28, 1930, 46 Stat. 439; Army Regulations 30-905, paragraph 2, August 1, 1929; Army Regulations 30-960, paragraphs 9, 11, September 20, 1927; Id., paragraphs 13, September 20, 1928; and paragraphs 10 (a) and 10 (b) of Change 1, June 29, 1929.
The Government’s obligation for such transportation is so clear and well established as not to admit of question; and its authority and responsibility in the determination of the *388 manner and route of transportation is equally clear from tlie following provision of Army Regulations 30-905, sufra:
“The Quartermaster General is responsible for the supervision, and direction of all matters connected with the transportation of the personnel and property of the Army by land and water, and is also designated as War Department traffic manager and will exercise jurisdiction over all transportation activities of the War Department.”
Therefore, being under obligation for the transportation, with full authority to determine the manner and route of the shipment, and having, for the purpose of Government economy, shipped the property by a more hazardous route, and without notice thereof to the claimant or the usual protection against the extra hazard of marine risk, including liability in general average, the Government must be held liable for the resulting loss or liability^ of the claimant.
In the case of R. P. Andrews & Co. v. United States, 41 C. Cls. 48, 207 U. S. 229, the Government purchased of Andrews & Co. a quantity of paper to be delivered f. o. b. Manila, P. I., the cost of transportation, however, to be borne by the Government and the carrier designated by the Government, for saving in cost of transportation. The shipment was damaged in transit, and in the suit by Andrews & Co. to recover the purchase price it was held that the transportation risk was that of the Government. While this case is not in all respects analogous to the case at bar, it is sufficiently so to materially support a judgment for the claimant’s loss or liability in general average here.
In the case at bar, when the Government, under obligation and with full control and authority for transportation of the property, accepted and shipped it, the carrier was the agent of the Government, and the risk of the transportation, including possible or contingent liability for general average, was the risk of the Government, and it was therefore liable to the claimant both for the damage to the property and for the liability in general average.
We think, also, that claimant can be held to have a second ground of recovery on the basis of the general average assessment and liability being a contingent part of the cost of the *389 transportation for which the Government was liable. When the Government, being liable for the transportation, accepted the property for transportation and, for economy to itself, elected to ship it by a route and under an affreightment agreement which made it liable for a possible or contingent additional charge in the way of general average, this additional charge was in effect a part of the cost of transportation for which the Government was liable, and should be so held.
This additional cost of the transportation should therefore have been met by the Government in the general average adjustment, and when the Government refused to assume and meet it and thereby compelled the claimant to assume it by execution of the general average agreement in order to recover his property, he is entitled to recover this portion of the cost of transportation which the Government has failed and refused to pay.
And it is immaterial to the claimant’s right of recovery in this case that he has not yet paid this balance of the general average assessment for which he sues, for his execution of the general average agreement rendered him liable for its payment. In the cases of Pneumatic Gun Carriage Co. v. United States, 36 C. Cls. 71, and Leary Construction Co. v. United States, 63 C. Cls. 206, involving this same general principle, this court held that payment by a prime contractor to his subcontractor for extra work for which the Government was liable to the prime contractor was not a condition precedent to suit and recovery therefor by the prime contractor against the Government. So here it is not essential to recovery by claimant that this liability for general average first be paid by him.
The claimant’s right of-recovery here is strongly supported by the equity in the case growing out of the facts that the ocean transportation, with its increased hazards and lack of liability of the carrier therefor, was chosen by the Government for its own saving in the cost of the transportation, and without notice to the claimant or insurance or other protection against marine or other risk, loss, or liability.
The claimant having received compensation, from fire insurance carried, for the damage to the property, makes no claim for damage, and claims only for the $4,153.18 of the *390 general average liability claimed by the carrier, after deduction of the general average allowance for the damage sustained, and this amount he is entitled to recover.
Plaintiff is therefore awarded judgment in the sum of $4,153.18. It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.